## CALIFORNIA VEGETABLE GROWERS
## v. UNITED STATES.
### No. 12947.

United States Court of Appeals
Ninth Circuit.

March 6, 1952.

Schauer, Ryon & McMahon, A. D. Haines, Robert W. McIntyre, Santa Barbara, Cal., for appellant.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before ORR and POPE, Circuit Judges, and GOODMAN, District Judge.

ORR, Circuit Judge.

Appellant is asking the reversal of a judgment of the trial court refusing to award it damages in a sum claimed as due for celery alleged to have been furnished by appellant to the United States Army pursuant to the terms of a duly executed contract.

The pertinent facts are:

The Quartermaster's Corps advertised for bids for celery and appellant submitted bids for three carloads, which bids were accepted and a purchase order duly issued to appellant by the contracting officer at the Quartermaster Market Center in Los Angeles for each car. The celery was packed and loaded on cars by appellant at Lompoc, California, which was the point of origin of shipment. The purchase orders call for delivery f. o. b. Guadalupe, California; actual loading took place at Lompoc, a nearby town, a point satisfactory to appellee. The celery was inspected at Lompoc at the time of delivery to the carrier and was found to be in the condition and grade called for by the purchase orders and packed and iced in accordance with the specifications set forth in the purchase orders.

After packing, inspection and loading the cars were shipped to Seattle, Washington. Subsequent to arrival in Seattle, the point of destination, the celery was inspected by appellee and was found to have deteriorated below the standard ordered. Because of the deterioration found to exist at the time of the Seattle inspection appellee rejected the celery and refused payment for it.

Appellant maintains that the question posed is strictly one of sales law and should be stated as follows: "Where a seller delivers a perishable commodity to the buyer f. o. b. cars at point of origin of shipment and the buyer inspects at destination of shipment, must the inspection at destination relate to the time of delivery at origin or to the time of arrival at destination?"

The situation presented by the question is not controlling in the instant case for the simple reason that we are not required to rely on abstract principles because the parties have expressly set out in their contract the terms and conditions of delivery and inspection. The contract provides, in part:

"In accordance with your * * * oral quotation * * * of 13 December 1946, please furnish the following on the terms specified on both sides of the page and on the attached sheets including delivery F. O. B. origin.

"Methods of presenting invoices or vouchers and of packing, marking and shipping shall be as provided herein except as otherwise directed by the contracting officer. Ship on com'l B/L to be converted to Govt. B/L at destination.

"Inspection points—inspection and acceptance at destination."

Further inspection provisions provide:
"1. Inspection—(a) Subject to the terms of Condition 4 of this contract and reserving to the Government all rights therein, it is contemplated that the supplies ordered herein shall be inspected as follows:

"(1) Inspection at origin shall be made for compliance with all applicable terms of the contract, including without being limited to inspection for type, grade and condition. In such case, inspection at destination shall be limited to condition and quantity."

■ Appellant argues that where the contract provides for delivery f. o. b. point of shipment title passes unless a contrary intention appears, a condition, says appellant, not present here. Contrary to appellant's view we construe the contract, which is in no sense ambiguous, as fixing the time of acceptance of title subsequent to inspection at Seattle. Not only opportunity to inspect but acceptance is by contract made a condition precedent to the transfer of ownership. Here the presumption that the property passes as soon as the goods are delivered at the point where they are free on board "yields to the terms of the contract indicating a contrary intention." See 2 Williston on Sales, § 280b.

■ Appellant urges that the intent in respect to the time of passage of title to the celery is conclusively established by the provision of the purchase order requiring the commercial bill of lading to be converted to government bill of lading at destination. This provision was placed in the order to enable the Government, as required by law, to take advantage of the reduced freight rates on land grant rail-

roads. The arrangement made flows from the contract terms requiring the Government to pay the freight rates from the point of origin. Such an arrangement does not of itself fix the ownership during transportation for the purpose of risk of loss in transit. Henry H. Cross Co. v. United States, 7 Cir., 133 F.2d 183; Louisville & Nashville R. R. Co. v. United States, 267 U.S. 395, 401, 45 S.Ct. 233, 236, 69 L.Ed. 678. Appellant having agreed that acceptance should take place at destination has placed itself outside any possible operation of a rule providing that inspection at destination without more must relate back to point of origin.

Affirmed.